NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0324n.06

No. 10-2254

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 23, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| GEORGE EDWARD CLARK, | ) | |
| | ) | |
| Petitioner–Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| KENNETH ROMANOWSKI, Warden | ) | |
| | ) | |
| Respondent–Appellee. | ) | |
| | ) | |

Before: KEITH, GUY, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** George Edward Clark, a Michigan prisoner convicted of first degree murder and sentenced to life in prison, appeals the denial of his *habeas corpus* petition, filed under 28 U.S.C. § 2254. Clark alleges that the Michigan state courts violated his rights under the Confrontation Clause. For the reasons set forth below, we affirm the decision of the district court.

**I.**

In 2003, Clark was convicted of first degree murder for his role in the shooting death of Michael Martin. At two preliminary examinations prior to trial, Beria Stewart, the only eyewitness to the crime, testified that she saw Clark and his co-defendant, Kevin Harrington, drive up in a car

while she was at home. She saw Clark and Harrington start a fight with Martin and drag him into a field. Stewart then heard several gunshots. Stewart testified that afterward, Clark and Harrington came to her house and threatened to kill her if she told anyone what had happened. *People v. Clark*, No. 247847, 2005 WL 991619, at *1 (Mich. Ct. App. Apr. 28, 2005) (*per curiam*).

At trial, the prosecution called Stewart on direct examination during its case in chief. Stewart testified as to a number of preliminary matters. She identified both defendants, testified that she was Martin's neighbor and was home during the day in question, and stated that she saw a car drive up to the front of Martin's home. However, when the prosecutor began to ask Stewart about who stepped out of the car, Stewart said that she was not sure. Pressed further, Stewart did not give a response. The judge declared Stewart unavailable under Michigan Rule of Evidence 804(a)(3), which is a hearsay exception that allows a witness who "has a lack of memory of the subject matter" to be declared unavailable. The judge's ruling allowed for statements from the preliminary examinations to be read into the record as substantive evidence, but only when Stewart demonstrated that she could not remember the specific statement in question. When Stewart continued to be non-responsive, the judge cleared the entire courtroom to determine if Stewart could remember anything at all. After the prosecution and the judge asked Stewart a series of questions to no avail, the judge declared Stewart "unavailable regarding anything else" and stated that "we will use the preliminary examination transcript" as substantive evidence. R. 22-2, at 20–31. Stewart's entire testimony from both preliminary examinations was read to the jury. Although the cross-examination portions of the preliminary examinations were read to the jury, the defense was not permitted to cross-examine

Stewart live in court. Clark was subsequently convicted and was sentenced to life in prison without parole. *Clark*, 2005 WL 991619, at *1.

During a post-conviction hearing, Clark argued that his Confrontation Clause rights had been violated because he had not been allowed to cross-examine Stewart, the only eye-witness in the case. The same trial judge who presided over Clark's trial handled his post-conviction hearing. The judge noted the following:

> This court does recall Miss Stewart on the witness stand and she was clearly intimidated by defense or people related to the defense. She indicated that she couldn't remember. She did receive threats. . . . Therefore this Court does feel that the defendant did waive his right to confrontation.

R. 18-9, at 9–10. Thus, although the trial judge had explicitly relied upon Michigan Rule of Evidence 804(a)(3) during trial, she later clarified that Clark had forfeited his Confrontation Clause rights by threatening and intimidating Stewart.

On direct appeal in 2005, Clark appealed his conviction and sentence to the Michigan Court of Appeals. He argued, *inter alia*, that the trial court had violated his rights under the Confrontation Clause when it declared Stewart unavailable, limiting his ability to cross-examine her. *Clark*, 2005 WL 991619, at *1. The Michigan Court of Appeals rejected this claim, holding that "the trial court properly declared Stewart unavailable because she was unable to remember facts, and because she had been threatened and was afraid to testify. Furthermore, defendant had the opportunity to cross-examine her at his preliminary examination." *Id.* Clark then filed an untimely petition for leave to appeal to the Michigan Supreme Court, which was returned to him, unfiled.

In 2006, Clark filed a motion for relief from judgement in the trial court, which was denied. The trial judge found that Clark's "argument as to the violation of his 6th Amendment right to confrontation fails because this issue was already decided by the Court of Appeals." R. 8-4, at 93. The Michigan Court of Appeals and Michigan Supreme Court subsequently affirmed. *People v. Clark*, 743 N.W.2d 210 (Mich. 2008).

Shortly thereafter, Clark filed a *habeas corpus* petition in federal court, alleging numerous grounds for relief. The district court denied Clark's petition on all grounds but granted a certificate of appealability on two of Clark's claims. *Clark v. Romanowski*, No. 08-10523, 2010 WL 3430782, at *12 (E.D. Mich. Aug. 3, 2010). Namely, Clark was permitted to argue on appeal that the trial court violated his rights under the Confrontation Clause by (1) declaring Stewart unavailable after she had already testified on direct examination, thus limiting his ability to cross-examine her on statements she had made during direct; and (2) admitting Stewart's preliminary examination testimony after she was declared unavailable. *Id.* at *5–8, 12.

## II.

Because Clark filed his petition for a writ of *habeas corpus* after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we review *de novo* the district court's conclusions on issues of law and on mixed questions of law and fact and review its factual findings for clear error. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (*en banc*). Under AEDPA, a federal court shall not grant a *habeas* petition with respect to any claim that was adjudicated on the merits in the state court unless the adjudication resulted in a decision that was (1) contrary to, or

involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Id.*; *see* 28 U.S.C. § 2254(d). Section 2254(d), as amended by AEDPA, is a "purposefully demanding standard." *Montgomery*, 654 F.3d at 676 (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786 (internal quotation marks omitted).

## III.

The threshold—and here, only—question is whether Clark has procedurally defaulted on his two Confrontation Clause claims regarding (1) his inability to cross-examine Stewart after she was declared unavailable and (2) the admission of Stewart's preliminary examination testimony. It is well established that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. § 2254(b)(1), (c)). "A habeas petitioner has not exhausted his claims in state court unless he has 'properly presented' his claims to a state court of last resort." *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 848). "[E]ven if the state court failed to reject a claim on a procedural ground, the petitioner is . . . in procedural default by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (internal quotation marks omitted). If a state prisoner has procedurally defaulted, "federal habeas review of the claims is barred unless the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A failure to file a timely application for leave to appeal with the Michigan Supreme Court constitutes procedural default, and a state prisoner must show both cause for and prejudice resulting from that default in order to excuse it, or that a fundamental miscarriage of justice would result. *See Maples*, 340 F.3d at 435–39; *Coleman*, 501 U.S. at 749–50.

We find that Clark has defaulted both claims. Under Michigan law, an application for leave to appeal to the Michigan Supreme Court in a criminal case must be filed within 56 days after the Court of Appeals decision. Mich. Comp. Laws § 7.302(C)(2). According to a sworn affidavit from the Michigan Supreme Court, Clark's application for leave to appeal "was a late application (beyond 56 days) and rejected by this Court." R. 8-13. Indeed, Clark admits so much in his Reply Brief. He thus has defaulted both of his claims. *See Maples*, 340 F.3d at 435–36.

With respect to his claim that he was improperly prohibited from cross-examining Stewart, Clark has not attempted to excuse his default, stating that he "has not sought to excuse this failure because he cannot prove what happened regarding this application for leave to appeal." Because Clark has failed to demonstrate cause for his procedural default, we do not review it.

With respect to his claim that the admission of Stewart's preliminary examination testimony violated his rights under *Crawford*, Clark argues that his default should be excused because his appellate counsel was ineffective by failing to raise his *Crawford* claim on direct appeal to the

Michigan Court of Appeals. But even if Clark's counsel had made a specific *Crawford* claim, Clark still would have procedurally defaulted this claim, because he failed to request leave to appeal to the Michigan Supreme Court in a timely fashion. Clark does not blame his untimely filing on ineffective assistance of counsel and therefore cannot excuse this default. In any event, Clark would be hard-pressed to show ineffective assistance of counsel because the Michigan Court of Appeals clearly reached—and rejected—Clark's *Crawford* argument. *Clark*, 2005 WL 991619, at *1 (citing *Crawford* and holding that the admission of Stewart's preliminary examination testimony did not violate Clark's Confrontation Clause rights). That is exactly why the state trial court, during post-conviction proceedings, refused to consider *any* of Clark's Confrontation Clause claims: they had already been decided on direct appeal. (*See* R.8-4, at 93 (stating that Clark's "argument as to the violation of his 6th Amendment right to confrontation fails because this issue was already decided by the Court of Appeals")). Because Clark has failed to demonstrate cause for procedurally defaulting his *Crawford* claim, we do not review it.[1]

**IV**.

We find that Clark has defaulted both of his Confrontation Clause claims and has not demonstrated cause and prejudice to excuse his default. Thus, we affirm the decision of the district court denying Clark's *habeas* petition.

---

[1]Clark has not argued, and we do not find, that "a fundamental miscarriage of justice would result" by invoking the procedural default bar. *See Coleman*, 501 U.S. at 748.